STATE OF WISCONSIN, PLAINTIFF-RESPONDENT,
v.
PAUL G. FASSBENDER, DEFENDANT-APPELLANT.
No. 03-2905-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 20, 2004.
¶1 PETERSON, J.[1]
Paul Fassbender appeals an order denying his motion for release. The circuit court determined Fassbender had not completed his sentence. Fassbender argues that, after he was sentenced, he served a portion of the sentence while he was in custody in Washington County on a different charge. We agree and reverse the order.

BACKGROUND
¶2 Fassbender was found guilty of possession of marijuana in Price County. Initially, his sentence was withheld and he was placed on probation for one year, with two days in jail as a condition of probation.
¶3 Later, on February 22, 2003, Fassbender was arrested in Washington County after he discharged a firearm from a balcony. He was charged with second-degree reckless endangerment.
¶4 Fassbender's probation from Price County was then revoked. On March 28, 2003, the court sentenced him to 135 days in jail with two days' credit for the time he served as a condition of probation.
¶5 Fassbender was then returned to Washington County on the reckless endangerment charge. He was found guilty and sentenced to eight months in jail consecutive to any other sentence. He received credit for the 110 days he had been in custody since his February 22 arrest.
¶6 Fassbender was sent back to Price County to serve that sentence first. The Price County sentence had not been stayed during the time he was in Washington County. Fassbender thought he would be released on July 4, 2003. July 4 was 135 daysconsidering good time credit and two days' credit for the time he served as condition of probationfrom March 28, the date he was sentenced in Price County. When he was not released he filed a motion for release. The circuit court denied the motion. The court determined that Fassbender was not serving the Price County sentence while he was awaiting trial in Washington County and thus the time he spent in Washington County did not count toward the Price County sentence. Fassbender's sentence was stayed pending appeal.

DISCUSSION
¶7 The facts here are not in dispute. The application of the law to a particular set of facts is a question of law. Bucyrus-Erie Co. v. DIHLR, 90 Wis. 2d 408, 417, 280 N.W.2d 142 (1979). We review questions of law independently. First Nat'l Leasing Corp. v. City of Madison, 81 Wis. 2d 205, 208, 260 N.W.2d 251 (1977).
¶8 The State argues Fassbender is not entitled to credit on his Price County sentence for the time he was in custody in Washington County. Specifically, it points to WIS. STAT. § 973.155, which details when a convicted offender is entitled to sentence credit. The State focuses its argument on whether Fassbender was "in custody in connection with the course of conduct for which sentence was imposed[,]" which the statute requires. See id.
¶9 Fassbender argues that "under no circumstances can an inmate who is post-sentence, and incarcerated, and serving his sentence, suddenly have the clock just stop, simply because he is transported out of county" on a pending charge. He maintains what is important is that he was sentenced on the Price County conviction and the sentence was not stayed. We agree.
¶10 The sentence credit statute relied on by the StateWIS. STAT. § 973.155is concerned with credit for time spent in custody before sentencing. SECTION 973.155(1)(a) requires credit only under the following circumstances: (1) while awaiting trial, (2) while being tried, and (3) while awaiting sentencing. Once sentence is imposed, the statute no longer applies.[2]
¶11 The trial court sentenced Fassbender to 135 days in jail. Fassbender began serving that sentence the moment it was imposed. WISCONSIN STAT. § 973.15(8)(a) does allow a court to stay a sentence under certain circumstances: (1) for legal cause, (2) when probation is granted, or (3) for not more than sixty days. However, the circuit court did not stay Fassbender's sentence. Because the sentence was not stayed, it was running, even while Fassbender was in Washington County. See Drewniak v. State ex rel. Jacquest, 239 Wis. 475, 489, 1 N.W.2d 899 (1942) (where court had no authority to stay the sentence, the sentence continued to run).
¶12 When Fassbender was sentenced in Washington County, that sentence was to run consecutive to the Price County sentence. The Washington County Circuit Court gave Fassbender sentence credit for the time he was in jail there awaiting trial. The State argues that to count that time toward his Price County sentence results in double credit for the time served in Washington County. That does indeed appear to be the case. However, that also appears to be because of an error by the Washington County Circuit Court. The Price County court cannot correct an error of the Washington County Circuit Court.
By the Court.  Order reversed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] There is one exception. WISCONSIN STAT. § 973.155(4) requires credit for good time.